UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOYCE A. RHODEHAMEL,

                Plaintiff,

v.

ROBERT H. RHODEHAMEL, individually and as trustee of the Emma C. Rhodehamel Trust, DEAN SARGENT, DANIEL F. QUICK, McKISSON, SARGENT & OLIASON, P.S., CAROLE CARROLL, PAT CARROLL, RHR FOUNDATION, and CRC PAPILLON FOUNDATION,

                Defendants.

No. C07-0081Z

ORDER

This matter comes before the Court on Defendant Robert H. Rhodehamel, Jr.'s ("Robert") Motion to Stay under the Colorado River doctrine, or alternatively to Dismiss, docket no. 11. The parties' dispute arises from estate-planning decisions before the death of Emma Rhodehamel ("Emma"), and the distribution of Emma's estate following her death. In 2000, Emma signed a power of attorney and appointed Robert as co-Trustee of the Emma Trust. Plaintiff Joyce Rhodehamel ("Joyce") is Robert's sister. Joyce alleges that Robert breached his fiduciary duties as Trustee, committed fraud, and caused her substantial financial damages.

ORDER - 1

The vast majority of Emma's assets consisted of millions of dollars in Eli Lilly & Co. stock (the "Eli Lilly stock"). Before her death, stock was transferred to four trusts: (1) a revocable trust, (2) a charitable remainder trust for the benefit of RHR Foundation, (3) a charitable remainder trust for the benefit of the CRC Papillon Foundation, and (4) a charitable lead annuity trust. The remaining shares were transferred to Rhodehamel Investments, LLC (the "LLC"). The trusts and LLC contained nearly all of Emma's estate. At the time of her death, the assets in the trusts were valued at nearly $7 million, while the assets outside the trusts were valued at approximately $300,000. See Bertram Decl., docket no. 12, Ex. O. Joyce alleges that Robert diluted the assets in the revocable trust ("the Trust") by transferring 73,700 shares and $5.67 million to "other entities" over which she had no control.

Emma's estate plan was amended in response to a dispute with Joyce. Emma offered Joyce an interest in the LLC. Joyce's attorney then issued various demands for information, and ultimately wrote back advising that "Joyce Rhodehamel, my client, has intentionally disclaimed the gift of LLC interest as currently structured." See Bertram Decl., docket no. 12, Ex. J. Joyce disclaimed the interest because the gift of LLC interest was "not useful to Joyce or Emma." Id. Joyce preferred that a gift be made directly to her charity. Id. In response to the dispute, changes were made to Emma's estate plan. The estate plan was changed to provide that Joyce would receive none of Emma's assets passed through her will, instead of trusts. Id., Ex. P. In addition, Emma added a no-contest provision to her estate-planning documents, and required each of her children to execute a release of claims as a condition of distribution of Trust assets. Id., Ex. I, at ¶¶ 3.6-3.8.

Following Emma's death, Robert and Carole Carroll (Joyce's sister) signed the release. See id. Joyce refused to sign. Under the terms of the Trust agreement, Joyce's interest and rights as a beneficiary of the Trust lapsed with her refusal to sign the release.

ORDER - 2

1    On March 23, 2005, Joyce filed a will contest in King County Superior Court, seeking a declaration of her rights as a beneficiary in Emma's estate and trusts under RCW 11.96A.080.  Her principal allegation was that the requirement that she sign a release was invalid because the requirement was obtained as a result of Robert's undue influence and Emma's lack of testamentary capacity.  See Bertram Decl., docket no. 12, Ex. C.  Joyce also alleged that transfers during Emma's lifetime were also the result of Robert's undue influence and Emma's incapacity.  Id.  Robert moved for summary judgment, and in opposition, Joyce alleged that she was also asserting direct claims against Robert for breach of fiduciary duties based on his conduct related to the Trust and LLC.  See id., Ex. M.

   On February 16, 2006, the King County Superior Court granted summary judgment to the estate and dismissed all of Joyce's claims.  Bertram Decl., docket no. 12, Ex. D.  The Superior Court ordered that the no-contest provisions and Schedule B to Emma's Trust were properly enforced and that "any distributions [Joyce] may have been entitled to from the Estate of Emma C. Rhodehamel have lapsed."  Id.  As a result of the Superior Court ruling, Joyce has no interest in Emma's estate or trusts.  Joyce has appealed the Superior Court's ruling, alleging that the trial court erred in dismissing her claims that Robert exerted undue influence, erred in enforcing the "no contest" provisions, and erred in refusing to consider her claims for breach of fiduciary duties.

   In this federal lawsuit, Joyce alleges that Robert breached his fiduciary duty by transferring assets out of the Emma Trust, breached his fiduciary duty as co-trustee of the Trust by failing to diversify its investments, committed fraud with other Defendants by transferring funds from Emma's estate, and conspired with other Defendants to systematically deprive Joyce of her inheritance.  See generally Compl., docket no. 1.

**DISCUSSION**

   Defendants contend that as a consequence of the Superior Court's ruling, Joyce has no interest in Emma's estate or trusts and no standing to bring this lawsuit.  Defendants urge

ORDER - 3

that Joyce, "who isn't a trust beneficiary can't possibly suffer an injury from losses suffered by the trust." Mot., docket no. 11, at 11. Joyce urges a limited scope for the Superior Court's ruling, arguing that it was limited to "the only issues before the court: undue influence and lack of testamentary capacity, nothing more." Opp., docket no. 18, at 7.

The text of the Order addresses Joyce's entitlement to disbursements from Emma's estate in the context of her request for a judicial determination pursuant to RCW 11.96A:

> ORDERED that Schedule B to the First Amendment of the Emma C. Rhodehamel Trust Agreement Dated November 20, 2000, and the No Contest provisions in Decedent's Will and Trust are hereby enforced, and, pursuant to these provisions, any distributions Petitioner may have been entitled to from the Estate of Emma C. Rhodehamel have lapsed.

Bertram Decl., docket no. 12, Ex. D (Summary Judgment Order of Superior Court Judge Mary Roberts). Plaintiff correctly notes, however, and Robert apparently agrees, that the Superior Court did not consider Joyce's claims against Robert for breach of fiduciary duty. Indeed, Robert urges on appeal that "Joyce never pleaded such claims [for breach of fiduciary duty]" before the Superior Court. See Appellee's Brief, at 45.

In the Court of Appeals, Plaintiff argues that the Superior Court should have considered her claims for breach of fiduciary duty, based on the broad scope of Washington's Trust and Estate Dispute Resolution Act, RCW 11.96A. See Appellant's Brief, at 44. Robert counters that it was not an abuse of discretion for the Superior Court to refuse to consider Joyce's breach of fiduciary duty claims, based on her failure to plead those claims. Appellee's Brief, at 45-46.

**A.     Standing.**

Defendants urge that Joyce has no standing to claim that Robert breached his fiduciary duties or committed fraud because Joyce has no ownership or other interest in the trusts created by Emma or her estate. Similarly, Defendants allege that Joyce has no standing to claim any injury related to the LLC because she has no ownership interest in the LLC. Joyce counters that she has standing to bring this action for fraud and breach of

ORDER - 4

fiduciary duty because her allegations rest not on Emma's competency or testamentary capacity, but on whether Robert was self-dealing and violating his fiduciary duties and whether Emma understood the effect of the transactions allegedly orchestrated by Robert.

The "irreducible constitutional minimum of standing" requires that a plaintiff establish (1) an "injury in fact" or invasion of a legally protected interest; (2) a causal connection to the conduct complained of; and (3) an injury redressable by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Defendants contend that Joyce is unable to meet the first element of standing because she has suffered no injury in fact. To meet the test for standing, the "injury in fact" must be one that is concrete and particularized, and affect the Plaintiff in a personal and individual way. Id. Defendants present colorful argument as to why Robert's conduct as Trustee, even if extreme and outrageous, caused no actual injury to Joyce because she was not a beneficiary:

> By very definition, someone who isn't a trust beneficiary can't possibly suffer an injury from losses suffered by the trust. As trustee, Bob could have taken all of the assets of his mother's trusts and lost them in a bet on number 7 at the roulette wheel and, however egregious that conduct might have been, Joyce would have come to no harm from it.

Motion to Stay under the Colorado River doctrine, or alternatively to Dismiss, docket no. 11, at 11-12.

However, Joyce's allegation is that she was harmed by Robert's fraudulent or improper actions. To follow Robert's "number 7" hypothetical, above, Joyce's allegation is that Robert fraudulently transferred and subsequently lost his mother's assets through a bet on "number 7." Joyce also alleges Robert orchestrated a series of transactions to protect his actions from scrutiny by adding the "no contest" and release provisions to Emma's estate and trusts.[1] Joyce argues that she has standing because her claims for breach of fiduciary duty and fraud are new in this litigation, and were never reached by the Superior Court. Joyce

---

[1] Joyce contends Emma's competency and testamentary capacity are not at issue in this litigation because it was Robert's fraud and breach of fiduciary duty which caused her loss.

ORDER - 5

notes that in addition she is raising "different claims" against "different parties" than were involved in the Superior Court proceedings.

Joyce's claims in both proceedings center on the same nucleus of fact. Under Joyce's theory, Robert's actions depleted her mother's estate and prevented Joyce from seeking redress in the Courts. The Court is satisfied that Joyce has standing and is entitled to have this Court consider the merits of the dispute. While this Court has no intention of revisiting the issues of Emma's competency and testamentary capacity, and of the lapse of Joyce's interest in Emma's estate and trusts, the Court will consider Joyce's right against the named Defendants.

**B.     Motion to Stay.**

Robert has moved the Court to stay these proceedings based on Joyce's ongoing appeal of the Superior Court's ruling to the Washington Court of Appeals. The basis for Robert's request is the overlap between the issues before the Courts, and Robert's position that this Court lacks subject matter jurisdiction absent a decision from the Court of Appeals in Joyce's favor. Robert also notes that Joyce has urged the Court of Appeals to remand the case to the Superior Court for consideration of her claims against Robert for breach of fiduciary duty.

The parties' positions before this Court and before the Washington Court of Appeals make clear that similar issues are simultaneously before this Court and the Washington Court of Appeals. Defendant Robert has asked the Court to stay these proceedings under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Under Colorado River and its progeny, the federal courts may abstain from an exercise of jurisdiction, in exceptional circumstances, during the pendency of substantially related state actions involving substantially the same parties.

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the

ORDER - 6

> exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189 (1959).  Abstention may be appropriate where the Court is presented with "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."

The eight factors considered under Colorado River are: (1) which court first assumed jurisdiction over the property involved in the suit; (2) convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether "federal law provides the rule of decision on the merits;" (6) whether the state court proceedings are adequate to protect the federal litigant's rights; (7) the prevention of forum shopping; and (8) whether the two actions are substantially similar.  See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir.1990).

The first factor favors abstention because the state court proceedings first assumed jurisdiction over Emma's estate and trusts.  The second factor is unhelpful, as this Court and the Superior Court are both located in King County and are equally convenient.  The third factor favors abstention.  Under Joyce's theory before the Court of Appeals, TEDRA is broad in scope and "demands a complete resolution of the claims involving this estate."  See Appellant's Brief, at 44.  A resolution of all claims in the state courts would avoid piecemeal litigation.  The fourth factor favors abstention because the state court assumed jurisdiction over Robert, Joyce, and Emma's trusts two years ago, whereas this matter was filed in 2007.  The fifth factor, the presence of a federal question, favors abstention because Joyce does not raise a federal question in this litigation.  The sixth factor favors abstention as the state proceedings are adequate to protect Joyce's rights.  The seventh factor, the prevention of forum shopping, is unhelpful because there is little evidence that Joyce is improperly attempting to forum shop.  The eighth factor, whether the two actions are substantially

ORDER - 7

1 similar, is satisfied because Joyce seeks resolution of similar claims, relating to Robert's
2 alleged breach of fiduciary duty, in both actions.

3 The Court also considers an additional factor: the relative progress of the two actions.
4 The Superior Court granted summary judgment against Joyce almost a year before the filing
5 of this suit. See Bertram Decl., docket no. 12, Ex. D. The parties' briefing and oral
6 argument on appeal have been completed. There is little cost in waiting for the State Court
7 of Appeals to evaluate Joyce's claim that TEDRA demands a "complete" resolution of her
8 claims involving this estate, including claims against Robert for breach of fiduciary duty.
9 Proceedings in this Court may prejudice or conflict with the proceedings in state court, and
10 the simultaneous consideration of the same identical issues in both Courts may lead to
11 inconsistent results. The Court finds that the facts of this case justify a temporary stay in
12 favor of the action in the Washington courts.

## CONCLUSION

14 For the reasons stated in this Order, Defendants' Motion to Stay under the Colorado
15 River doctrine, or alternatively to Dismiss, docket no. 11, is GRANTED IN PART. The
16 Court STAYS this case under the Colorado River doctrine. The parties shall inform the
17 Court of developments in the state court proceedings, and shall advise the Court when the
18 Court of Appeals issues an opinion.

19 IT IS SO ORDERED.
20 DATED this 25th day of April, 2007.

Thomas S. Zilly
United States District Judge

ORDER - 8